UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YOEL ABRAHAM, individually and on behalf :
of all others similarly situated, :
                       Plaintiff, : **ORDER**
v. :
                                                          : 20 CV 8723 (VB)
NATIONWIDE CREDIT, INC., :
                       Defendant. :
--------------------------------------------------------------x

       On December 21, 2020, defendant filed a motion to dismiss. (Doc. #9).

       By Order dated December 22, 2020, this Court directed plaintiff to notify the Court by letter whether plaintiff (i) intended to file an amended complaint in response to the motion to dismiss; or (ii) would rely on the complaint that is the subject of the motion to dismiss. (Doc. #11). The Order stated that if plaintiff elected not to file an amended complaint, his time to oppose the motion to dismiss shall be governed by the Federal Rules of Civil Procedure, but if plaintiff elected to file an amended complaint, he must file the amended complaint by no later than 14 days after notifying the Court of his intent to do so. (Id.).

       On January 4, 2021, plaintiff responded to the December 22 Order, advising the Court that plaintiff intended to amend the complaint in response to defendant's motion to dismiss. (Doc. #13). On January 5, 2021, the Court ordered plaintiff to file his amended complaint by January 19, 2021. (Doc. #14).

       To date, plaintiff has not filed an amended complaint or opposed defendant's motion. Accordingly, it is HEREBY ORDERED:

       The Court sua sponte extends to **February 4, 2021**, plaintiff's time to file his amended complaint or oppose the pending motion to dismiss. If plaintiff fails to file an amended complaint, oppose the pending motion, or request additional time to do so by **February 4, 2021**, the original complaint will be deemed the operative complaint, defendant's motion to dismiss will be deems unopposed, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); accord F5 Capital v. Pappas, 856 F.3d 61, 89–90 (2d Cir. 2017).

Dated: January 28, 2021
       White Plains, NY

                                                SO ORDERED:

                                                _____
                                                Vincent L. Briccetti
                                                United States District Judge